UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ATLANTIC MARINE ALABAMA, L.L.C., | ) | |
|     PLAINTIFF, | ) | C.A. NO. 1:09-CV-00330-KD-M |
| | ) | |
| vs. | ) | JUDGE DUBOSE |
| | ) | |
| C&M MARINE SERVICES (USA), INC. | ) | |
|     DEFENDANT. | ) | JURY |

## FIRST AMENDED COMPLAINT

Plaintiff, Atlantic Marine Alabama, L.L.C., ("Atlantic Marine") files this First Amended Complaint against the Defendant, C&M Marine Services (USA), Inc. ("C&M"), alleges upon information and belief:

### I.
### PARTIES

1.  Plaintiff, Atlantic Marine Alabama, L.L.C., is a Delaware limited liability company with its principal place of business in Mobile, Alabama. Atlantic Marine Alabama, L.L.C.'s sole member is Atlantic Marine Holding Company, a Florida Profit Corporation with its principal place of business located at 8500 Heckscher Drive, Jacksonville, Florida 32226.

2.  Upon information and belief, Defendant C&M Marine Services (USA), Inc. is a corporation that is incorporated under the laws of the State of Texas. Defendant has its principal place of business in the State of Texas. Defendant does not have a registered agent for service of process in the State of Alabama. Service of process on defendant may be made according to the laws of the State of Alabama by serving the registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201 pursuant to Federal Rules of Civil Procedure 4(h)(1)(A) and (B).

## II.

## JURISDICTION

3. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a) (2), there being complete diversity of citizenship between the parties and the amount in controversy is in excess of $75,000, exclusive of interests and costs.

4. This court has personal jurisdiction over C&M.

## III.

## VENUE

5. Venue is proper in this District under 28 U.S.C. § 1391(a)(2) and (3) because a substantial part of the events or omissions giving rise to this claim occurred in this district and the contractual agreement among the parties provides for "jurisdiction within Mobile County, Alabama, including the United States District Court for the Southern District of Alabama." (*See* Agreement, marked as Exhibit "A.")

## IV.

## FACTUAL BACKGROUND

6. On December 5, 2006, Atlantic Marine and C&M entered into a contract (the "Agreement") for the repair and conversion of the ICE MAIDEN vessel ("Vessel") in accordance with specifications and contract drawings. A copy of the Agreement is attached hereto as Exhibit "A."

7. On June 17, 2008, Atlantic Marine issued a final invoice to C&M in the amount of $565,163.56 for work performed upon the Vessel from April 28, 2008 through June 1, 2008 pursuant to the Agreement. C&M failed to remit payment and has continually failed to respond to Atlantic Marine's demands for payment. A copy of Invoice No. 3525A in the amount of $565,163.56 is attached hereto as Exhibit "B."

8. Article IV of the Agreement provides that "[e]ach invoice shall be settled and paid within fifteen days of date of issue."

9. Article XVII(a) of the Agreement provides that "Owner [C&M] shall be in substantial default in the performance of its obligations hereunder [if] such default shall continue for a period of … 30 days after receipt of the relevant invoice) . . ." (Exhibit A.)

10. C&M does not dispute that Invoice No. 3525A accurately reflects amounts due for work performed by Atlantic Marine upon the Vessel. Rather, C&M contends that one of its affiliated entities[1] reaped the benefits of that work and is, therefore, indebted to Atlantic Marine for the amounts due on Invoice No. 3525A, rather than C&M.

11. There is no dispute that the Agreement entered into by and executed on behalf of C&M.

12. Article XX of the Agreement provides that "[n]either the rights nor the obligations of either party under this Agreement may be transferred without the prior written approval of the other party, which will not be unreasonably withheld."

13. Article XVI of the Agreement sets forth the parties' agreement to arbitrate disputes arising out of the Agreement and sets forth a scheme for the establishment of an arbitration panel. (The parties' agreement to arbitrate as set forth in Article XVI of the Agreement is, hereinafter referred to as the "Arbitration Agreement.")

14. The Arbitration Agreement states that all disputes, differences, or disagreements shall be subject to arbitration and promptly referred to arbitration by an arbitrator selected jointly by the parties.

---

[1] Upon information and belief, such affiliated entity has filed for relief under the bankruptcy laws of the United Kingdom.

15. On September 26, 2008, Atlantic Marine demanded arbitration for the non-payment of Invoice No. 3525A, in the amount of $565,163.56 in accordance with Article XVI of the Agreement. A copy of the September 26, 2008 letter is attached hereto as Exhibit "C."

16. The Arbitration Agreement provides that following notice of arbitration:

> A representative of Owner and a representative of Contractor shall meet for the purpose of selecting an arbitrator within ten (10) days after … Contractor notifies Owner in writing of the desire to arbitrate a dispute. If within fifteen (15) days… an arbitrator has not been selected, then within twenty days after the end of such fifteen day period, Owner shall appoint one arbitrator and Contractor shall appoint one arbitrator, and the two arbitrators so selected shall then select a third arbitrator.

17. On October 6, 2008, C&M's counsel for C&M notified Atlantic Marine of the appointment of Mr. Daniel Goldberg as C&M's selected arbitrator, but failed to provide any contact or background information on Mr. Goldberg. A copy of the October 6, 2008 letter is attached hereto as Exhibit "D."

18. On November 3, 2008, counsel for Atlantic Marine notified C&M of Atlantic Marine's appointment of Mr. Bruce Shreves as its selected arbitrator and provided contact and background in formation for Mr. Shreves. Therein, C&M was requested to provide contact and background in formation for Mr. Goldberg in order to put Mr. Shreves in contact with Mr. Goldberg.

19. Since November 2008, Atlantic Marine has made numerous attempts to proceed to arbitration but has been frustrated in its attempts as a result of C&M's failure to provide contact information for its appointed arbitrator[2].

20. C&M's actions have prevented the resolution of the dispute related to the non-payment of Invoice No. 3525A in accordance with the dispute resolution mechanism set forth

---

[2] It is unknown whether Mr. Goldberg is an attorney. A Martindale.com search for "Daniel Goldberg" resulted in contact information for 18 attorneys.

4

therein, i.e., the Arbitration Agreement, and have compelled Atlantic Marine to seek the relief to which it is entitled from this Court, instead.

## V.
## COUNT ONE: BREACH OF CONTRACT

21.     Atlantic Marine incorporates paragraphs 1 through 11 as if fully set forth herein.

22.     C&M's failure to comply with its obligations to remit payment constitutes a breach of contract.

23.     As a result of C&M's breach of contract, Atlantic Marine has suffered damages, for the work and materials provided from April 28, 2008 through June 1, 2008, plus interest, all of which it is entitled to recover from C&M.

24.     Atlantic Marine is entitled to recover the costs and damages it has suffered, including pre-judgment and post-judgment interest, costs and attorneys fees.

## VI.
## COUNT TWO: BREACH OF ARBITRATION AGREEMENT

25.     Atlantic Marine incorporates paragraphs 1 through 15 as if fully set forth herein.

26.     C&M's failure to comply with the Arbitration Agreement constitutes a breach of contract. Specifically, C&M breached Article XVI of the Agreement.

27.     As a result of C&M's breach of contract, Atlantic Marine has suffered damages, all of which it is entitled to recover from C&M.

28.     Atlantic Marine is entitled to recover the costs and damages it has suffered, including pre-judgment and post-judgment interest, costs and attorneys fees.

## VII.
## COUNT THREE: TORTIOUS INTERFERENCE WITH CONTRACT

29.     Atlantic Marine incorporates paragraphs 1 through 19 as if fully set forth herein.

30.     Notwithstanding its clear obligations under the Agreement, C&M has consciously decided to violate the terms of the Agreement. C&M has intentionally and willfully refused to abide by their contractual agreements and have refused to remit payment and proceed to arbitration.

31.     The actions of C&M have interfered with Atlantic Marine's current and prospective contractual relations. As a direct and proximate result of the tortious interference by C&M set forth above, Atlantic Marine is entitled to an award of damages, including punitive or treble damages and attorneys fees, in an amount presently unknown but which will be determined at trial of this matter.

## VIII.
## REQUEST FOR JURY

32.     Pursuant to the Federal Rules of Procedure Rule 38, Atlantic Marine requests a Jury Trial for Count One of this Complaint.

WHEREFORE, Atlantic Marine respectfully requests that this Court:

(1)     Declare the respective rights, duties, and obligations of the parties with respect to Atlantic Marine's rights under the Agreement between Atlantic Marine and C&M.

(2)     Declare that C&M is in breach of the Arbitration Agreement by its actions and declare that the Agreement is, therefore, rescinded.

(3)     Award a judgment against the defendant, C&M, for damages, costs, attorney's fees, and pre-judgment and post-judgment interest as is allowed by law, and all other relief to which it may be entitled.

Respectfully Submitted,

**LEBLANC BLAND P.L.L.C.**

/s/ Tiffany A. Herrera
DAVID S. BLAND
Attorney-In-Charge
LA State Bar #01257
JULIE M. ARAUJO
LA State Bar #26174
TIFFANY A. HERRERA
Texas State Bar #24059939
909 Poydras Street, Suite 1860
New Orleans, Louisiana 70112
(504) 528-3088 Phone
(504) 586-3419 Fax
dbland@leblancbland.com
jaraujo@leblancbland.com
therrera@leblancbland.com
**Attorneys for Atlantic Marine Alabama, L.L.C.**

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was served upon C&M Marine Services (USA), Inc.'s registered agent by certified mail, return receipt requested on this 9th day of July 2009.

**C&M Marine Services (USA) Inc.**            **VIA CMRRR (7008 1830 0002 8213 2339)**
**Through its registered agent for service:**
**CT Corporation Service**
**350 North St. Paul St.**
**Dallas, Texas 75201**

/s/ Tiffany A. Herrera